**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
            :

MERYL BRODSKY,
            :

            Plaintiff,          :

            :

            -against-         :

            :

THE NEW YORK CITY CAMPAIGN FINANCE  :
BOARD,
            :

            Defendants.     :

            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM DECISION**
**AND ORDER**

15-cv-03469 (GBD) (DCF)

GEORGE B. DANIELS, District Judge:

On May 4, 2015, *pro se* Plaintiff Meryl Brodsky ("Brodsky"), a former candidate for the New York City Council, along with her political committee, "Elect Meryl Brodsky to the New York City Council 2005" (collectively, "Plaintiffs"), filed this action against Defendant, The New York City Campaign Finance Board ("Board").[1] (Complaint, (ECF No. 1).) The Complaint alleges that the Board violated Plaintiffs' rights by requiring the repayment of $35,850 in funds Plaintiffs had received through the matching campaign funds program established by the New York City Campaign Finance Act. (Complaint, (ECF No. 1).) The Complaint further alleges that the Board acted improperly and violated Plaintiffs' rights in its efforts to recover the funds. (*Id.*)

This Court referred this action to Magistrate Judge Freeman. (Order of Reference to a Magistrate Judge, (ECF No. 3).) The Board then moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6), arguing that the claims were inadequately pleaded, precluded by decisions

---

[1] Brodsky had originally identified the Defendant in the caption of the Complaint as "Zachary W. Carter, Corporation Counsel for the City of New York, on Behalf of the New York City Campaign Finance Board." The Board alone, however, is the appropriate defendant in this action. (Report and Recommendation ("Report"), (ECF No. 20) at 1 n.1; *see* Plaintiff's Objections to Magistrate Judge's Report and Recommendation ("Plaintiff's Objections"), (ECF No. 23), at 1 (substituting the Board for Carter as the defendant).)

rendered in various state-court proceedings, time barred, and/or that some of the claims asserted do not allow for a private right of action. (Defendant's Memorandum of Law in Support of Their Motion to Dismiss, (ECT No. 13).)

Magistrate Judge Freeman reviewed the Board's motion, and then issued a Report and Recommendation ("Report"). (ECF No. 20.) First, the Report recommended denying the Board's motion to dismiss for failure to comply with Rule 8(a)'s "short and plain statement" pleading requirement. (*Id.* at 14.) It reasoned that although the "rambling, and at times, incoherent nature of the Complaint makes it difficult to grasp the factual bases of this action or to understand the nature of Plaintiffs' claims," "the pleading [was] not so unintelligible as to overwhelm Defendant's ability to understand or to mount a defense." (*Id.* (citation and alterations omitted).) Magistrate Judge Freeman liberally construed the *pro se* Complaint to assert: (1) claims under Section 1983 for violations of the First Amendment and the Due Process and Equal Protection Clauses of the 14th Amendment; (2) violations of the Internal Revenue Code and federal criminal law; and (3) violations of New York state statutory and common law, and violations of the New York City Administrative Code. (*Id.* at 9-10.)

Although the Report recommended denying the Board's motion on Rule 8(a) grounds, it recommended granting the motion to dismiss the federal claims under Rule 12(b)(6), Fed. R. Civ. P. Specifically, the Report concluded that the Section 1983 claims were barred by the applicable statute of limitations, and that equitable tolling did not apply. (*Id.* at 18-24.) The Report also recommended dismissing the remaining federal claims because it determined that the statutes under which the Complaint sought relief did not provide for a private right of action, and that the lone claim for a violation of the Internal Revenue Code that did provide for a private cause of action was inapplicable. (*Id.* at 25-26.) Because there was no indication that Plaintiffs would be able to amend the Complaint to demonstrate an entitlement to relief, the Report recommended that the federal claims be dismissed with prejudice. (*Id.* at 27-28.) Finally, the Report recommended that this Court decline to exercise supplemental jurisdiction

over the state and local-law claims that were arguably pleaded in the Complaint principally because (1) the litigation is in its early stages, and discovery has not yet commenced, and (2) the state courts are in a better position to determine whether the extensive prior state court proceedings should bar Brodsky's claims under the doctrine of *res judicata*.[2] (*Id.* at 29-30.)

The Report notified the parties of their right to object to the Report's findings and recommendations. (*Id.*) Brodsky timely filed objections to the Report. (Plaintiff's Objections to Magistrate Judge's Report and Recommendation ("Plaintiff's Objections"), (ECF No. 23).)

Courts "may accept, reject, or modify, in whole or in part, the findings and recommendations" set forth within a magistrate judge's report. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(3). Courts must review *de novo* the portions of a magistrate judge's report to which a party properly objects. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). Portions of a magistrate judge's report to which no or merely perfunctory objections have been made are reviewed for clear error. *See Edwards v. Fischer,* 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir.2006)).

First, Brodsky objects to the Report's finding that Plaintiffs' Section 1983 claims are barred by the statute of limitations. (Plaintiff's Objections at 4-7.) More specifically, she asserts that the Report incorrectly determined when the Section 1983 claims accrued. (*Id.* at 4.) Additionally, she contends that the six-year statute of limitations for fraud under N.Y. C.P.L.R. § 213(8) should apply to Plaintiffs' Section 1983 claims. (*Id.* at 3, 5.)

---

[2] The Report recommended that the political committee's federal claims be dismissed for the same reasons as Brodsky's federal claims. (Report at 26-27.) The Report noted, however, that "[a]s a *pro se* litigant who is not herself an attorney, Brodsky can only represent herself in proceedings before this Court." (Report at 2 n.2 (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).)

3

This Court adopts the Report's findings and conclusions regarding the applicability of the statute of limitations to Plaintiffs' Section 1983 claims. (Report at 18-24.) The applicable statute of limitations is three years. (*Id.* at 18.) Plaintiffs' claims began to accrue in 2006 when the Board rendered its final determination. (*Id.* at 18-19.) Plaintiffs did not file this lawsuit until 2015, more than eight years later.

Plaintiffs' claims are not grounded in fraud to make applicable a six-year statute of limitations. The Board determined the amount of money Plaintiffs received through the New York City Campaign Finance Act and the amount they had to return. Plaintiffs disagreed with that determination. The Complaint fails to plead facts giving rise to a cause of action for fraud because it does not allege any material misrepresentation made by the Board and relied upon by the Plaintiffs. Indeed, the facts demonstrate that the Plaintiffs disagreed immediately with and challenged the Board's determination. (Report at 3-4 (summarizing facts demonstrating that Plaintiffs initially challenged determination in letter to Board, and then, when unsuccessful, immediately initiated state court proceeding to oppose determination).) Finally, this Court has reviewed the Report's finding that equitable tolling is inapplicable and agrees with that finding. Accordingly, Brodsky's objections are overruled, and Plaintiffs' Section 1983 claims are dismissed as time barred.

Brodsky also appears to allege a cause of action based upon a violation of criminal statutes and the Internal Revenue Code. (Plaintiffs' Objections at 20-23.) Plaintiffs have no standing to sue based upon a criminal statute and all but one of the Internal Revenue Code sections they cite. With regard to the one Internal Revenue Code provision cited that does provide for a private right of action, the Report also correctly determined that the provision only prohibits government officials from disseminating an individual's confidential tax return information, and does not prohibit disclosure of tax return information by private parties, as occurred here. (Report at 26.) Furthermore, even if the statute did provide relief, it does not appear that the New York City Campaign Finance Board is the party that disseminated the tax

4

information, and therefore is not the proper defendant against whom to assert this claim.  This objection, therefore, is overruled.

Finally, Brodsky objects to the Report's recommendation that this Court decline to exercise supplemental jurisdiction over the Plaintiffs' state and local-law claims.  (Plaintiffs' Objections at 7-8.) Declining to exercise supplemental jurisdiction over solely state and local-law claims is particularly appropriate here where Brodsky has already litigated related claims in state court.  This Court agrees with the Report's recommendation, and declines to exercise supplemental jurisdiction over Plaintiffs' state and local-law claims.[3]  (Report at 28-30.)

This Court agrees with the Report's recommendation to dismiss this case in its entirety.  The Clerk of Court is directed to close the above-captioned action.

Dated: March 28, 2016
       New York, New York

SO ORDERED.

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

---

[3] This Court also agrees that leave to amend should not be granted as amendment would be futile.